UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ROMULUS NEDEA, | ) | CASE NO. 3:08 CV 2197 |
| | ) | |
| Petitioner, | ) | JUDGE DAVID A. KATZ |
| | ) | |
| v. | ) | |
| | ) | OPINION AND ORDER |
| W. JACKSON, | ) | |
| | ) | |
| Respondent. | ) | |

Pro se petitioner Romulus Nedea filed the above-captioned petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Mr. Nedea challenges the revocation of his parole on June 7, 2006, and the denial of his release on parole at a parole hearing on October 5, 2006.  For the reasons stated below, the petition is denied and this action is dismissed.

**Background**

Mr. Nedea was convicted on July 31, 1970 in the Lucas County Court of Common Pleas on charges of assaulting a minor, child stealing, and sodomy in connection with the kidnaping and rape of a nine year old girl from Toledo, Ohio.  He was sentenced to consecutive terms of one to ten years, five to thirty years, and one to twenty five years incarceration.  He also was convicted on charges of attempted escape and wounding a police officer in Allen County Ohio.  His total aggregate prison sentence is eight to sixty-five years.

On June 27, 2001, Mr. Nedea was released on parole.  See Nedea v. Ohio Adult Parole Authority, No. 2:04-CV-437, 2:04-CV-573, 2005 WL 1073365 (S.D. Ohio Mar. 29, 2005). He was arrested and charged with public indecency on February 9, 2002 after being accused of exposing himself in the children's department of a Trotwood, Ohio store.  He pled guilty to a charge of disorderly conduct and was sentenced to thirty days incarceration.  His parole was revoked on June 17, 2002 and he remained incarcerated after he completed his sentence for the misdemeanor. He filed several petitions for a writ of habeas corpus in both the Ohio courts and the federal courts challenging the revocation of his parole.  One of those petitions was filed in the United States District Court for the Southern District of Ohio in 2005.  See Nedea v. Tambi, No. 2:05 CV 158 (S.D. Ohio filed Feb. 18, 2005).  Mr. Nedea was served with a copy of the Report and Recommendation at the Hocking Correctional Institution on October 7, 2005. Sometime thereafter, Mr. Nedea was released on parole a second time.

Mr. Nedea was arrested on May 14, 2006 and charged with exposing himself to a five year old girl at the Hobby Lobby store in Toledo, Ohio.  Mr. Nedea claims he was at the store to apply for employment.  His parole was revoked on June 7, 2006.  In addition to the allegations associated with the pending criminal charges, he was also told he had violated the conditions of his parole by failing to report his arrest to his parole officer.  Mr. Nedea's case proceeded to trial where he was found not guilty of the charges on September 7, 2006.

A second parole hearing was held in October 2006.  He contends that although he was found not guilty of the most recent charges, the parole board denied his release and continued his hearing for three years.

On March 15, 2007, Mr. Nedea filed a petition for a writ of habeas corpus under 28

U.S.C. § 2254 in the United States District Court for the Southern District of Ohio to challenge the revocation of his parole, and the parole board's subsequent denial of release on parole at the October 5, 2006 parole hearing.  Because Mr. Nedea was incarcerated in an Ohio penal institution located within the Northern District of Ohio, the case was transferred to this court.  That case, No. 3:07 CV 883, was assigned to United States District Judge Peter C. Economus.  In his petition, Mr. Nedea asserted that the Ohio Adult Parole Authority ("OAPA") "arbitrarily and capriciously abused its power on revoking [his] parole prior to his trial and also had denied him an appointed counsel to be present at his revocation of parole."  Nedea v. Warren, No. 3:07 CV 883 (N.D. Ohio filed Mar. 15, 2007)(Pet. at 5.)  He claimed, citing Layne v. the Ohio Adult Parole Authority, 97 Ohio St. 3d 456 (2002), that the OAPA considered an offense for which he was found "not guilty" to revoke his parole.  He contended the OAPA violated his Sixth Amendment right by denying him counsel at the revocation hearing.  Finally, he asserted that the decision of the OAPA to deny parole and continue his hearing  was a violation of his constitutional rights.  In his Memorandum of Opinion and Order on July 9, 2007, Judge Economus considered the merits of Mr. Nedea's claims, and denied the petition.

Thereafter, Mr. Nedea filed the within petition.  He again asserts that the "OAPA has arbitrarily and capriciously abused its power on revoking Nedea's parole because Nedea is found not guilty by preponderance of the evidence by jury in the court of law in Lucas County, Toledo, Ohio."  (Pet. at 6.)  He claims that the "OAPA failed to appoint counsel at Nedea's revocation of parole."  (Pet. at 9.)  Finally, he contends that the decision of the OAPA at his subsequent parole eligibility hearing to deny parole and continue his hearing was a violation of his constitutional rights.

3

## Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996.  The provisions of the AEDPA apply to habeas corpus petitions filed after that effective date.  Lindh v. Murphy, 521 U.S. 320, 336 (1997), See also Woodford v. Garceau, 538 U.S. 202, 210 (2003); Barker v. Yukins, 199 F.3d 867, 871 (6th Cir. 1999)("It is now well settled that AEDPA applies to all habeas petitions filed on or after its April 24, 1996 effective date.").  Because this petition was filed on September 15, 2008, the AEDPA governs this court's consideration of his petition.

This petition is substantially identical to the petition Mr. Nedea filed in 2007.  The AEDPA addresses the issue of second or successive petitions.  It provides:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus...

28 U.S.C. § 2244(a). Furthermore, when a claim presented in the second or successive petition was presented in the prior habeas petition, it shall be dismissed.  28 U.S.C. § 2244(b)(1).  Mr. Nedea raised these same claims in his earlier petition.  Judge Economus considered them on their merits and denied  the writ.  Mr. Nedea is barred from asserting those claims for a second time.

## Conclusion

Accordingly, this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

/s/ David A. Katz

_____

DAVID A. KATZ
UNITED STATES DISTRICT JUDGE

5